UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LOPEZ-CRUZ, A# 245-458-615,

Petitioner,

v.

US IMMIGRATION & CUSTOM ENFORCEMENT, et al.,

Respondents.

No. 1:26-cv-5713 TLN AC

ORDER

Jose Lopez-Cruz is a federal immigration detainee. A petition for writ of habeas corpus under 28 U.S.C. § 2241 was filed in the Western District of Texas on his behalf by his purported aunt, Mamie Lopez. ECF No. 1 (the "July 13th petition"). This case was subsequently transferred to the Eastern District of California. ECF No. 6. Before this court issued an order, Ms. Lopez filed another petition for writ of habeas corpus on behalf of Mr. Lopez-Cruz. ECF No. 11 (the "July 29th petition").[1]

[1] As a general rule, an amended pleading (e.g. complaint or petition) replaces the prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as nonexistent.") (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012); see also E.D. Cal. L.R. 220 ("every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be . . . complete in itself without reference to the prior or superseded pleading."). However, in this case, it does not appear as though the second petition

The July 13th petition, which is accompanied by a notarized statement from Ms. Lopez, asserts Mr. Lopez-Cruz, an asylum seeker, was detained by immigration officers despite court attendance and no legal violations. ECF Nos. 1, 1-1. The initial petition seeks to dismiss a motion to reopen to allow Mr. Lopez-Cruz to voluntarily depart from the United States. ECF Nos. 1, 1-1. The July 29th petition asserts Mr. Lopez-Cruz entered the United States in 2023, timely sought asylum, complied with Immigration and Customs Enforcement ("ICE") reporting requirements, "reported to court on 2/25/26," and nonetheless was re-detained by ICE and has not been afforded a hearing before a judge. ECF No. 11 at 6-7. By way of relief, this petition states, "I am requesting the U.S. Eastern District Court 'close' my Motion to Reopen my case from U.S. Western Court and to see a judge to be released. Either Voluntary Deportation or release me here in the U.S. to keep fighting my asylum case." Id. at 8.

These filings raise several concerns. First, the July 13th petition appears to seek dismissal of a motion to reopen that is pending before the Executive Office of Immigration Review ("EOIR"). See ECF Nos. 1-1 ("Motion to Reopen his case is now pending in San Antonio"), 5-1 at 3 (Order from the San Antonio Immigration Court regarding motion to reopen). The motion to reopen removal proceedings, however, was granted on July 10, 2026, and is no longer pending. See ECF No. 5-1 at 3. Accordingly, the request for relief in the original petition is moot. Moreover, even if the motion was still pending, this court does not have jurisdiction over petitioner's removal proceedings. 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of title 8, or any other habeas provision*, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.") (emphasis added).

---

was intended as an amended petition. Instead, it appears Ms. Lopez filed the second petition because she was under the mistaken impression that the transfer meant a new petition needed to be filed in this court. See ECF No. 11 (stating petitioner's case was transferred to the United States District Court for the Eastern District of California "[s]o I now have to file in [this court]"). Accordingly, the court does not refer to the second petition as an amended petition and will address both petitions.

Second, the July 29th petition appears to seek dismissal of a motion to reopen allegedly pending before the United States District Court for the Western District of Texas. See ECF No. 11 at 8. However, the case before the Western District of Texas was closed when the case was transferred to this court and there is no pending motion to reopen in that case. See Lopez-Cruz v. USICE, No. 1:26-cv-01940-DAE (W.D. Tex. July 21, 2026).[2]

Third, both petitions were filed by Ms. Lopez purportedly on behalf of Mr. Lopez-Cruz and neither petition is signed by Mr. Lopez-Cruz. ECF Nos. 1 at 8, 11 at 9. In limited circumstances, a "next friend" may be permitted to file a habeas petition on behalf of another individual. 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."); see also Whitmore v. Arkansas, 495 U.S. 149, 162 (1990) ("'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."). To pursue habeas relief on behalf of an individual, however, a "next friend" must have standing, which is not granted automatically. Whitmore, 495 U.S. at 163. There are two requirements to establish "next friend" standing:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

---

[2] It appears Ms. Lopez and/or Mr. Lopez-Cruz may be confused with respect to where the motion to reopen was filed. As noted above, a motion to reopen removal proceedings appears to have been filed before and granted by EOIR. ECF No. 5-1 at 3. To the extent that Mr. Lopez-Cruz seeks relief from his removal proceedings (e.g. asylum, voluntary departure, etc.), he must pursue that relief before EOIR. This court has jurisdiction to review the lawfulness of his detention (e.g. habeas petition), but not over his removal proceedings. See 8 U.S.C. § 1252(g); 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).

Id. at 163-64 (internal citations omitted). Ms. Lopez has failed to demonstrate the existence of the first requirement; namely, an adequate explanation of why Mr. Lopez-Cruz is not able to appear on his own behalf. She merely alleged that Mr. Lopez-Cruz is unable to submit a petition because he is detained. However, thousands of immigration detainees have filed petitions while detained and have thereafter represented themselves. Thus, because nothing in the present record supports a finding that Mr. Lopez-Cruz is unable to appear on his own behalf, Ms. Lopez has not demonstrated standing to bring this action for him as "next friend."

Moreover, even if Ms. Lopez had provided sufficient information to establish standing as "next friend" for Mr. Lopez-Cruz, she may not do so unless represented by counsel because pro se litigants have no authority to represent anyone other than themselves. See Cheema v. Warden, No. 1:26-cv-00203-DC-DMC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026) (citing Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) and Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008)); see also Guillermo R.R. v. Warden of the California City Correctional Center, 2026 WL 1113795 (E.D. Cal. April 24, 2026) (finding "next friend" standing where the purported friend included sufficient information to establish the above standing requirements and filed a motion to appoint counsel, which was granted).

To be clear, because Ms. Lopez has not established "next-friend" standing and she is not represented by counsel, she may not sign on Mr. Lopez-Cruz's behalf, and she may not represent him. However, she may facilitate the filing of Mr. Lopez-Cruz's petition, which must be signed by Mr. Lopez-Cruz himself, as required by Federal Rule of Civil Procedure 11(a) and Local Rule 131.

Federal Rule of Civil Procedure 11(a) states

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or *by a party personally if the party is unrepresented*. The paper must state the signer's address, e-mail address, and telephone number . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added). Local Rule 131(b) states "all pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or

by the party involved if the party is appearing in propria persona."

Lastly, Rule 4 of the Habeas Rules Governing Section 2254 Cases[3] requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted). The allegations in the July 13th petition are insufficient to order a response. **The allegations in the July 29th petition, however, are sufficient to state a procedural due process claim regarding Mr. Lopez-Cruz's re-detention without a bond hearing. As such, if Mr. Lopez-Cruz signs the second petition or a new petition alleging sufficient facts under Rule 4 concerning the unlawfulness of his detention, a response will be ordered.**

Accordingly, the petitions filed by Ms. Lopez will be stricken from the record as improperly filed, and Mr. Lopez-Cruz will be given an opportunity to submit a petition bearing his signature, if he wants to pursue this case. If Mr. Lopez-Cruz does not submit a signed petition within the time provided, it will be recommended that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to STRIKE the petitions for writ of habeas corpus filed July 13 and July 29, 2026 (ECF Nos. 1 and 11) and serve Mr. Lopez-Cruz with a copy of these petitions along with this order.

2. If Mr. Lopez-Cruz wishes to pursue this case, within thirty days of the service of this order, petitioner must file a petition bearing his signature (if he continues to proceed without counsel), counsel's signature (if he obtains counsel), or next friend's signature (if next friend establishes standing to pursue this action in that capacity). Failure to submit a properly signed

---

[3] See Rule 1(b) (stating that a district court may "apply any or all of these rules" to any habeas petition); see also Bostic v. Carlson, 884 F.2d 1267, 1269–71 (9th Cir. 1989) (affirming the district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

petition will result in a recommendation that this action be dismissed without prejudice.

DATED: August 6, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE